OPINION
This is an accelerated appeal under Loc.R. 6 of the Ohio Twelfth District Court of Appeals. Plaintiff-appellant, Lynn Breen, appeals the Clermont County Court of Common Pleas decision imposing a constructive trust over the proceeds of her ex-husband's life insurance policy to the benefit of their minor children.
Appellant married Lawrence C. Breen on October 13, 1979, and they had three children during that marriage.[1] On May 8, 1986, Metropolitan Insurance and Annuity Company issued a $150,000 life insurance policy to Lawrence Breen with appellant named as the beneficiary. On February 24, 1994, appellant and Lawrence Breen executed a separation agreement in anticipation of divorce, and that agreement was later incorporated into an April 20, 1994 divorce decree. Item eight of the separation agreement provided:
 Each party shall maintain the life insurance currently in force and effect on their lives for the benefit of the minor children of the parties. Each party further agrees that this obligation to maintain their current level of life insurance shall not terminate until such time as the last minor child has reached the age of eighteen (18) and, pursuant to O.R.C. 3103.03, no longer continuously attends, on a full time basis, any recognized and accredited high school, is otherwise emancipated, or unless otherwise ordered by the court.
Lawrence Breen died on September 22, 1994. On May 22, 1995, appellant filed a declaratory judgment complaint against the Metropolitan Life Insurance Company to establish that she was the lawful beneficiary of Lawrence Breen's life insurance policy. Metropolitan filed an answer, counterclaim, and third party complaint in interpleader naming the Breen children as third party defendants. The insurance company deposited the insurance proceeds with the Clermont County Clerk of Courts and was dismissed from the action.
On October 30, 1996, the trial court rendered a decision in favor of the minor children. The trial court found that the parties intended for the children to be the beneficiaries of the life insurance policy. The trial court imposed a constructive trust in favor of the children and ordered the parties to commence proceedings to appoint a trustee or guardian to administer the trust.
On appeal, appellant argues under a single assignment of error that the trial court erred in imposing a constructive trust over the life insurance proceeds for the benefit of the children. Appellant complains that the separation agreement does not indicate an intention to remove her as a beneficiary. After thoroughly reviewing the record and the trial court's comprehensive decision, this court now affirms. Appellant's single assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] This was the Breens' second marriage to each other. One child, Stephanie Breen, was born during their first marriage.